## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| VEHICLE IP, LLC,<br><br>                Plaintiff,<br><br>    v.<br><br>FROZEN FOOD EXPRESS INDUSTRIES,<br>INC., AND FFE TRANSPORTATION<br>SERVICES, INC.,<br><br><br>                Defendants. | Civil Case No. _____<br><br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Vehicle IP, LLC files this Complaint and demand for jury trial seeking relief for patent infringement by the Defendants.  Vehicle IP, LLC states and alleges the following:

### THE PARTIES

1.      Plaintiff Vehicle IP, LLC is a Delaware limited liability company, having its principal place of business at 5101 Wheelis Drive, Suite 100, Memphis, Tennessee 38117. Vehicle IP is wholly-owned by Vehicle Safety & Compliance, LLC ("VSAC") located in Memphis, Tennessee.  VSAC is a transportation technology company that invents, develops and sells products principally for commercial vehicles.

2.      On information and belief, Defendant Frozen Food Express Industries, Inc. is a corporation organized and existing under the laws of the State of Texas, with its principal place of business located at 1145 Empire Central Place, Dallas, Texas 75247.

3.      On information and belief, Defendant FFE Transportation Services, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal

place of business located at 1145 Empire Central Place, Dallas, Texas 75247.  FFE

Transportation Services, Inc. is a subsidiary of Frozen Food Express Industries, Inc., and both

companies are collectively referred to herein as "FFE."

## JURISDICTION AND VENUE

4.      This is an action for patent infringement arising under the patent laws of the

United States, 35 U.S.C. §§ 1 *et seq*.  This Court has subject matter jurisdiction pursuant to

28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over FFE because it regularly conducts

business in the State of Texas and therefore has substantial and continuous contacts within this

judicial district; because it has purposefully availed itself to the privileges of conducting business

in this judicial district; and/or because it has committed acts of patent infringement in this

judicial district.

6.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and

1400(b).

## COUNT I
### (Patent Infringement)

7.      Vehicle IP restates and realleges the preceding paragraphs of this Complaint.

8.      On December 2, 1997, United States Patent No. 5,694,322 ("the '322 patent")

entitled "Method and Apparatus for Determining Tax of a Vehicle" was duly and legally issued

by the United States Patent and Trademark Office.  Vehicle IP owns the '322 patent by

assignment.  A true and correct copy of the '322 patent is attached as Exhibit A.

9.      On October 19, 1999, United States Patent No. 5,970,481 ("the '481 patent")

entitled "Method and Apparatus for Determining Tax of a Vehicle" was duly and legally issued

by the United States Patent and Trademark Office.  Vehicle IP owns the '481 patent by

assignment.  A true and correct copy of the '481 patent is attached as Exhibit B.

10.     On February 16, 2010, a third party filed *ex parte* reexamination requests with the

United States Patent and Trademark Office (Patent Office) with respect to the '322 and '481

patents.  On April 30, 2010 and May 1, 2010, the Patent Office granted the third party's requests

for reexamination of the '322 and '481 patents.

11.     On September 13, 2011, the Patent Office concluded the first reexamination of the

'322 patent by issuing an *Ex Parte* Reexamination Certificate, confirming the patentability of the

original claims and the new claims added during the reexamination.  A true and correct copy of

the Reexamination Certificate of the '322 patent is attached as Exhibit C.

12.     On July 8, 2011, and nearly one week after the Patent Office issued the Notice of

Intent to Issue a Reexamination Certificate (NIRC) for the '322 patent, the same third party filed

a second request for reexamination of the '322 patent.  The Patent Office granted the third

party's request.  More than two years later, on January 15, 2014, the Patent Office concluded the

second reexamination of the '322 patent by issuing an *Ex Parte* Reexamination Certificate.  The

Patent Office confirmed the patentability of claims 7, 17, 34, 44, 47, 48, 51, 52, 65, 66, 69, 70,

73, 74, 87, 88, 92, 93, 95, 98, 99, 113, 114, 130, 131, 133, 135, 137, 140, 141, 174, 175, 185, and

186 of the '322 patent.  A copy of the second Reexamination Certificate of the '322 patent is

attached as Exhibit D.

13.     On July 10, 2012, the Patent Office concluded the first reexamination of the '481

patent by issuing an *Ex Parte* Reexamination Certificate, confirming the patentability of the

original claims and the new claims added during the reexamination.  A true and correct copy of

the Reexamination Certificate of the '481 patent is attached as Exhibit E.

14.     On August 1, 2012, and less than one month after the Patent Office issued the reexamination certificate for the '481 patent, the same third party filed a second request for reexamination of the '481 patent.  The Patent Office granted the third party's request.  On January 15, 2014, the Patent Office concluded the second reexamination of the '481 patent by issuing an *Ex Parte* Reexamination Certificate.  The Patent Office confirmed the patentability of claims 1-11, 13-20, 42-44, 53-73, 83-85, and 94-110.  A copy of the second Reexamination Certificate of the '481 patent is attached as Exhibit F.

15.     On information and belief, FFE uses a vehicle positioning and communication system and fuel tax services that, in combination, are capable of practicing the '322 and '481 patents.  Based on publicly available information, Vehicle IP suspected that FFE may have infringed the '322 and '481 patents.

16.     Vehicle IP gave FFE actual notice of the '322 and '481 patents as early as April 26, 2012, and from that date has sought information that would assist Vehicle IP in confirming whether FFE' systems and methods for determining the fuel tax for its vehicles are within the lawful scope of one or more claims of the '322 and '481 patents.

17.     For example, on April 26, 2012, Bradley Larschan, the Chief Executive Officer of Vehicle IP, sent a letter to S. Russell Stubbs, President and Chief Executive Officer of FFE, identifying the '322 and '481 patents and requesting that FFE provide information sufficient to describe in detail the systems and methods it uses to calculate fuel taxes for the vehicles in its fleet.  Despite leaving several follow up messages for Mr. Stubbs, FFE never responded to the April 26 letter.

18.     After waiting more than eight months with no response to the April 26 letter, counsel for Vehicle IP sent follow up letters to FFE on December 20, 2012, and February 26, 2013.

19.     A few days later, on March 5, 2013, Phil Worthington, the Vice President of Risk Management for FFE Transportation Services, Inc., sent an email to counsel for Vehicle IP.  Mr. Worthington represented that FFE outsources the calculation of its fuel tax to First Advantage.

20.     Based on Vehicle IP's review of the publicly available information concerning First Advantage's fuel tax services and on information and belief, Vehicle IP has established a good faith belief that FFE has made, used, sold, and offered for sale and is currently making, using, selling, and offering for sale a system and method for determining the fuel tax of a vehicle, including, but not limited to, FFE's vehicle position tracking and communication system in combination with the First Advantage's fuel tax services.  Through these activities, FFE has been infringing the '481 patent.

21.     On information and belief, FFE has also been and is actively inducing the infringement of the '481 patents in violation of 35 U.S.C. § 271(b) by inducing third parties, such as First Advantage, to provide the products and services identified in paragraph 20 that are used by the accused systems and methods that infringe the '481 patent.

22.     On information and belief, FFE knew that its actions would induce infringement of the '481 patent, and FFE possessed specific intent to encourage the infringement.  For example, FFE has admitted that it has outsourced its fuel tax reporting to First Advantage for the accused systems and methods that practice the claims in the '481 patent.  This shows that FFE knowingly induced First Advantage to commit acts necessary to infringe the '481 patent and First Advantage committed those acts.

23.     On information and belief and based on the preceding paragraphs, there was and is an objectively high likelihood that FFE has been and is infringing the '481 patent; FFE has been and is infringing the '481 patent with knowledge of the patents; and FFE subjectively knew of the risk of infringement of the '481 patent and/or the risk of infringement of the '481 patent was so obvious that FFE should have known of the risk; and thus, FFE's infringement of the '481 patent has been and continues to be willful.

24.     On information and belief, FFE will continue to infringe the '481 patent unless and until it is enjoined by this Court.

25.     FFE has caused and will continue to cause Vehicle IP irreparable injury and damage by infringing the '481 patent.  Vehicle IP will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until FFE is enjoined from infringing the '481 patent.

## PRAYER FOR RELIEF

WHEREFORE, Vehicle IP respectfully requests that this Court:

(1)     Enter judgment that FFE has infringed the '481 patent;

(2)     Enter an order permanently enjoining FFE and its officers, agents, employees, attorneys, and all persons in active concert or participation with any of them, from infringing the '481 patent;

(3)     Award Vehicle IP damages in an amount sufficient to compensate it for FFE's infringement of the '481 patent, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

(4)     Award Vehicle IP an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

(5)    Treble the damages awarded to Vehicle IP under 35 U.S.C. § 284 by reason of FFE's willful infringement of the '481 patent;

(6)    Declare this case to be "exceptional" under 35 U.S.C. § 285 and award Vehicle IP its attorney fees, expenses, and costs incurred in this action; and

(7)    Award Vehicle IP such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Vehicle IP demands a jury trial on all issues so triable.

Dated:  March 5, 2014

**FISH & RICHARDSON P.C.**

By: _/s/ Thomas M. Melsheimer_
Thomas M. Melsheimer
Texas Bar No. 13922550
txm@fr.com
Britnee M. Reamy
Texas Bar No. 24053439
bmr@fr.com
FISH & RICHARDSON, P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone (214) 747-5070
Fax (214) 747-2091

Attorneys for Plaintiff
VEHICLE IP, LLC